Kaye, J.
(concurring in part, dissenting in part). Even based on the Court’s opinion, and without further resort to the ample factual record, I would accept the determined sanction of removal.
Petitioner admitted he "was aware, at all times relevant herein, that the law requires that bail be set on a non-felony charge.” Whatever else may be said of the Commission’s numbers, the Court acknowledges that on at least 24 occasions, petitioner "improperly committed defendants to jail without bail, knowing that the law required that bail be set.” (Majority opn, at 358.) Thus, on at least 24 occasions petitioner knowingly denied defendants "a benefit of obvious importance and to which the defendant is entitled as a matter of right” (majority opn, at 358). Moreover, he did this at a time when "the defendant is unlikely to be represented by counsel.” (Id., at 358.)
In concluding that censure, rather than removal, is the appropriate sanction, the Court balances petitioner’s motivation against those repeated deliberate violations of the law and defendants’ rights. Petitioner apparently concluded that the defendants would be "more comfortable, safer and better cared for in jail” (majority opn, at 362). At worst, the Court notes, petitioner "exhibited impatience with those who abused their right to bail” (majority opn, at 363). Whichever petitioner’s motivation, in at least two dozen instances he knowingly and wrongfully incarcerated individuals before any determina *364 tion of their guilt, even for periods longer than a sentence after conviction.
Whether petitioner was indeed contrite, or agreed to change his unlawful practice after the initiation of disciplinary proceedings, the appropriate sanction is removal, as the Commission determined. Far less egregious misconduct has warranted removal in the past.
Chief Judge Wachtler and Judges Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion; Judge Kaye dissents in part and votes to accept the determined sanction in a separate opinion in which Judges Simons and Alexander concur.
Determined sanction rejected, etc.